IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT W. ALSPAUGH, et al., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> KAONETICS TECHNOLOGIES, INC., : <br> et al., : <br> Defendants. : | Civil Action No. 18-2052-RGA |

**MEMORANDUM ORDER**

Defendant Graham has filed a motion to dismiss based on the statute of limitations. The gist of the argument is that the Amended Complaint alleges that Defendant Kaonetics defaulted on a $50,000 note in 2011 by non-payment, and this suit was not filed until 2018. Graham is a guarantor of the note. Delaware law applies. The statute of limitations for contracts is three years. The statute of limitations for promissory notes is six years. In either event, Defendant argues, the statute of limitations ran by 2017.

Plaintiffs assert that default, as set forth in the contract (D.I. 1-1 at 3 (§1.10)), did not occur until 2017, when Kaonetics put in writing that it was insolvent. The contract defines several "events of default." One such event is putting in writing that the company is insolvent. When, however, the event of default is non-payment, there is a requirement of a written demand and thirty days of non-performance after the written demand before the lender can seek any remedies. (*Id.* at §1.10A & C). Plaintiffs do not allege (and Defendant does not now assert) that Plaintiffs made a written demand before 2017. Thus, Plaintiffs argue, the statute of limitations began to run in 2017 when Kaonetic wrote that it was insolvent. Even though there were at least

seven years of non-payment by the time this lawsuit was filed, I cannot say that the Amended Complaint makes it clear that the statute of limitations had run by then.

Thus, the motion to dismiss (D.I. 11) is DENIED.

IT IS SO ORDERED this 19 day of June 2019.

                                                        */s/*
                                          United States District Judge